# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MANETIRONY CLERVRAIN,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT R. WALKER, DOUGLAS LA FOLLETTE, and BRAD SCHIMEL,<br><br>Defendants. | Case No. 19-CV-503-JPS<br><br>**ORDER** |

Plaintiff, who is a federal prisoner incarcerated in Texas, filed this action on April 8, 2019. (Docket #1). Plaintiff's allegations are nigh incomprehensible; as best the Court can gather, Plaintiff claims that the Bureau of Prisons is imposing "apartheid" upon him, and that somehow these Defendants are acting in concert with the Bureau as part of a "criminal enterprise." *Id.* Plaintiff has filed numerous other frivolous actions in district courts around the nation. Before addressing the dubious merits of Plaintiff's suit, however, the Court turns to the matter of payment of the filing fee. Plaintiff filed a motion for leave to proceed *in forma pauperis* along with his complaint. (Docket #2).

As part of the Prison Litigation Reform Act, if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other *actions in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Commonly known as the "three-strikes" provision, a prisoner is

said to have struck out once he or she has accrued three dismissals under this section.

Here, the Court finds that Plaintiff has already accrued at least three strikes and should, therefore, be prohibited from proceeding *in forma pauperis*. Plaintiff accrued strikes in the following three cases: *Clervrain v. Mellady et al.*, 8:18-CV-3014-GJH, (Docket #33) (D. Md. Mar. 27, 2019); *Clervrain v. Coraway*, 3:18-CV-819-G-BN, (Docket #40) (D. Tex. Dec. 3, 2018); *Clervrain v. Carvajal*, 2:18-CV-1514-PD, (Docket #12) (E.D. Penn. Oct. 16, 2018); *see also Clervrain v. Samuel et al.*, 1:19-CV-468-UNA, (Docket #48) (D. D.C. March 13, 2019) (collecting additional instances of Plaintiff accruing strikes across the country). Further, the Court does not discern any meaningful allegations in the complaint of an imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The Court will, therefore, deny Plaintiff's motion for leave to proceed *in forma pauperis*. (Docket #2). This action will be dismissed without prejudice, subject to being reopened if Plaintiff pays the full $400.00 filing fee he owes.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**, subject to being reopened if Plaintiff pays the full $400.00 filing fee owed in this matter.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge